UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MANUEL GARZA, ET AL.

CIVIL ACTION

VERSUS

NUMBER 13-742-SDD-SCR

PHILLIPS 66 COMPANY, ET AL.

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, March 10, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MANUEL GARZA, ET AL.

VERSUS

PHILLIPS 66 COMPANY, ET AL

CIVIL ACTION

NUMBER 13-742-SDD-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the Plaintiffs' Motion to Remand filed by plaintiffs Manuel Garza, Larry Laborde, Lynne Laborde, Michael Northcutt, Larry A. Smith, Donald Stephens, Wayne Buckley, Charles Easterling, Steven Goode, Jerry Johnson, James Little, Paul Luckey, and James Wells.  Record document number 20.  The motion is opposed.[1]

Plaintiffs filed a Seamen's Petition for Damages in state court seeking recovery for injuries allegedly sustained as a result of exposure to asbestos-containing drilling mud while they were employed with defendants Rowan Companies, Inc., ENSCO Offshore Company, Harbinger Group, Inc., Diamond Offshore Company, Nustar Energy, L.P., Kaneb Management Company, L.L.C., and Helmerich & Payne International Drilling Co. (collectively referred to as "Jones Act Defendants").  Plaintiffs also named as defendants Union Carbide Corporation, Montello, Inc., Cheveron Phillips Chemical

---

[1] Record document numbers 25 and 26, filed by defendants Rowan Companies, Inc. and ENSCO Offshore Company, respectively. Plaintiffs filed a reply memorandum.  Record document number 29.

Company, L.P., Coastal Chemical Co., L.L.C., and Nico Supply Company, Inc. (collectively referred to as "Asbestos Defendants") who allegedly manufactured and/or distributed the asbestos-containing drilling mud.  Plaintiffs asserted claims under Louisiana state law, general maritime law, and the Jones Act.

Defendant ENSCO Offshore Company removed the action asserting that the plaintiffs' alleged exposures occurred while working in the Gulf of Mexico, and thus their claims are subject to federal jurisdiction under the Outer Continental Shelf Lands Act ("OCSLA"). 28 U.S.C. § 1331 and 43 U.S.C. § 1349(b)(1).  Defendant also asserted that this court has original jurisdiction over the plaintiffs' general maritime claims under 28 U.S.C. § 1333, that these claims are removable under 28 U.S.C. § 1441, and that the plaintiffs' Jones Act claims were fraudulently pled and thus should not bar removal.[2]

In their Motion to Remand the plaintiffs argued that the defendant failed to show the plaintiffs asserted a claim that is subject to OCSLA and thus failed to establish a basis for federal question jurisdiction under § 1331.  Plaintiffs specifically noted that their petition is devoid of any facts that conclusively show that the exposure occurred while they were working in furtherance of the development of minerals on the Outer Continental Shelf, *e.g.*

---

[2] Jones Act claims are nonremovable by statute. 46 U.S.C.A. § 30104 and 28 U.S.C. § 1445(a).

while working on a platform. Plaintiffs also argued that the case law relied on by the defendants to support the removability of the general maritime claims under the current version of § 1441 is not controlling and is distinguishable. Plaintiffs further argued that they have sufficiently alleged claims under the Jones Act which are not removable, and that it would be inefficient sever their Jones Act claims from a federal court case where multiple plaintiffs and defendants are involved and the evidence is heavily intertwined.

### Applicable Law

It is well settled that when faced with a motion to remand the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *rehg. denied*, 70 F.3d 26 (5th Cir. 1995). The federal removal statute is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns. *Frank v. Bear Stearns & Co.,* 128 F.3d 919, 922 (5th Cir. 1997). Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000).

### Removal of General Maritime Claims

Under 28 U.S.C. § 1333 federal district courts have original

jurisdiction over admiralty and maritime cases, saving to suitors in all cases all other remedies to which they are otherwise entitled. The Fifth Circuit has historically held that general maritime claims saved to suitors were not of themselves removable pursuant to § 1441(b), which prior to 2012 stated:

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to citizenship or residence of parties. Any other such action shall be removable only if non of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

*Morris v. T E Marine Corp.*, 344 F.3d 439, 444 (5th Cir. 2003), citing, *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 377-79, 79 S.Ct. 468,(1959).

The Fifth Circuit court reasoned that because general maritime claims did not arise under the Constitution, treaties or laws of the United States, § 1441(b) was an Act of Congress which prevented removal of such claims alone. Maritime claims were considered "other such action[s]" which required a separate basis for federal question jurisdiction or diversity jurisdiction to be removed. *Id*.

Section 1441 was amended in December 2011 and now reads, in relevant part, as follows:

> (a) Generally.—Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the

4

United States for the district and division embracing the place where such action is pending.

  (b) Removal based on diversity of citizenship.—(1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
  (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.[3]

The issue before the Court is whether current version of § 1441 affects the removability of general maritime claims under § 1333.

**Outer Continental Shelf Lands Act**

The "savings to suitors" clause under § 1333 does not limit the right of a defendant to remove actions where there exists some other basis for jurisdiction. *Morris,* 344 F.3d at 444; *Tennessee Gas Pipeline v. Houston Cas. Ins.*, 87 F.3d 150, 153 (5th Cir. 1996). Removal of general maritime claims is appropriate if federal jurisdiction exists under a separate statute, such as the

---

[3] Prior to the amendment, § 1441(a) provided, in relevant part, as follows:
  a) Generally.—Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

5

Outer Continental Shelf Lands Act. *Id*. OCSLA declares that "the subsoil and seabed of the outer Continental Shelf appertain to the United States and are subject to its jurisdiction, control, and power of disposition...." 43 U.S.C. § 1332(1). OCSLA not only defines the law applicable to the outer Continental Shelf, it also grants federal courts jurisdiction over disputes that occur there. Section 1349(b)(1) provides, in relevant part, as follows:

> the district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with (A) any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such mineral, or (B) the cancellation, suspension, or termination of a lease or permit under this subchapter.

The Fifth Circuit has held that the jurisdictional grant in § 1349(b)(1) is very broad. *Tennessee Gas*, 87 F.3d at 155. The test to determine the existence of federal jurisdiction under OCSLA is whether the accident arose out of or in connection with the defendant's operation on the OCS. "To determine whether a cause of action arises under OCSLA, the Fifth Circuit applies a but-for test, asking whether: (1) the facts underlying the complaint occurred on the proper situs; (2) the plaintiff's employment furthered mineral development on the OCS; and (3) the plaintiff's injury would not have occurred but for his employment." *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 213 (5th Cir. 2013), *citing Demette v. Falcon Drilling Co.*, 280 F.3d 492, 496 (5th Cir. 2002)

6

and *Recar v. CNG Producing Co.*, 853 F.2d 367, 369 (5th Cir. 1988).

The well-pleaded complaint rule does not bar removal when jurisdiction exists under § 1349(b)(1). The rule does not apply to pleadings in state court that fail to invoke OCSLA because, by its express terms OCSLA, creates jurisdiction in the federal courts. *Id.*; *Amoco Prod. Co. v. Sea Robin Pipeline Co.*, 844 F.2d 1202, 1205 (5th Cir. 1988).

## Analysis

### Defendants Have Failed Show that the Plaintiffs' Claims Are Subject to Federal Jurisdiction Under OCSLA.

The factual allegations in the plaintiffs' petition are insufficient to establish that the claims are subject to OCSLA. Although the plaintiffs alleged that they were exposed to drilling mud while working in various oil fields and facilities and on offshore oil rigs in the Gulf of Mexico, these facts alone do not demonstrate that the places of exposure were located on the outer Continental Shelf.[4] Under 43 U.S.C. § 1331(a), Congress defined the term "Outer Continental Shelf" to include all submerged lands lying seaward and three miles outside state waters, "and of which the subsoil and seabed appertain to the United States and are subject to its jurisdiction and control." Nothing in the record indicates that the work sites referenced in the petition are

---

[4] Record document number 1-3, Seamen's Petition for Damages, ¶ 8.

located within this area, and the defendants have not provided any evidence to establish the location of the work sites.

### Removal of General Maritime Claims Is Proper Under the Current Version of § 1441.

Because the facts presented do not show that OCSLA is applicable to the plaintiffs' claims, the Court must determine whether the current version of § 1441 permits removal of general maritime claims.

To demonstrate that the current version § 1441 permits the removal of general maritime claims without requiring an additional source of federal jurisdiction, the defendants relied on this court's previous ruling in *Bridges v. Phillips 66 Co.*[5]  In that case this court followed the holdings set forth in *Wells v. Abe's Boat Rental, Inc.* and *Ryan v. Hercules Offshore, Inc.,* which determined that general maritime claims are removable under the current version of § 1441 despite the joinder of a non-removable Jones Act claim.[6]  Although neither of these cases are controlling, the reasoning is persuasive and applicable to the facts in this case.

After surveying Fifth Circuit and Supreme Court case law, the *Ryan* court summarized the principles which made general maritime

---

[5] 2013 WL 6092803 (M.D.La. Nov. 19, 2013).

[6] 2013 WL 3110322 (S.D. Tex. June 18, 2013) and 2013 WL 1967315 (S.D. Tex. May 13, 2013), respectively.

claims non-removable under the prior version § 1441, as follows:

> (1) [F]ederal courts have original jurisdiction over admiralty claims; (2) the saving to suitors clause does not preclude federal courts from exercising jurisdiction over admiralty claims originally brought in state court; (3) the old version of section 1441(b) was relied upon as the "Act of Congress" that precluded federal courts from exercising removal jurisdiction unless the requirements of section 1441(b) were met; and (4) admiralty cases do not arise under the Constitution, treaties or laws of the United States, so admiralty cases were considered "any other such actions" under the prior version of section 1441(b) and were thus removable only if none of the parties in interest properly joined and served as defendants was a citizen of the State in which the action was brought.[7]

Under both the prior and current version of § 1441(a) removal of civil actions over which the district courts have original jurisdiction is permitted unless expressly prohibited by an Act of Congress. In the current version of § 1441(b) Congress omitted the language which required a removable claim that was not subject to diversity jurisdiction to arise "under the Constitution, treaties or laws of the United States." As discussed in *Ryan*, the courts in the Fifth Circuit relied on this specific language of § 1441(b) to be the "Act of Congress" which precluded the removal of original jurisdiction maritime cases pursuant to § 1441(a). Now that this language has been removed, nothing in § 1441 or another Act of Congress prevents removal of general maritime claims. Thus, both

---

[7] *Ryan*, 2013 WL 1967315 at 4, relying on *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 79 S.Ct. 468 (1959); *In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991); *Tenn. Gas Pipeline v. Hous. Cas. Ins.*, 87 F.3d 150 (5th Cir. 1996), and *Barker v. Hercules Offshore*, Inc., 713 F.3d 208 (5th Cir. 2013).

*Wells* and *Ryan* demonstrate that the amendment to § 1441 allows removal of maritime claims. Because the plaintiffs' petition was filed after the amendment to § 1441, this new interpretation of the law is applicable.

Plaintiffs correctly argued that *Wells* is not controlling and that the Fifth Circuit has not reversed its consistent position that general maritime claims are not removable. Plaintiffs predicted that the Fifth Circuit would not uphold the reasoning set forth *Ryan* because there is no clear congressional intent to change the law and overturn the long established rule that general maritime claims are not removable when there is no basis for original jurisdiction. However the statutory basis for the Fifth Circuit's cases holding that general maritime claims are not removable has clearly been changed, and the plaintiffs cannot show that the legal reasoning presented in *Wells* or *Ryan* is incorrect.

Should the Court find that the plaintiffs' Jones Act claims were not fraudulently pled and an OSCLA claim exists, the plaintiffs argued that removal under § 1441(c) would only proper if the OSCLA claim was considered separate and independent from the Jones Act claims.[8] However, the plaintiffs relied on case law that was based on the pre-amendment version of § 1441(c). The current

---

[8] *Addison v. Gulf Coast Contracting Services, Inc.*, 744 F.2d 494 (5th Cir. 1984); *McInnis v. Parker Drilling Co.*, 2002 WL 461660 (E.D.La. 2002); and *Connelly v. Trico Marine Operators, Inc.*, 2012 WL 1900044 (E.D.La. 2012)

version of § 1441(c) no longer requires the "separate and independent" claim analysis.[9] Regardless, the plaintiffs' argument is unavailing since the Court has not found OSCLA jurisdiction exists in this case.

Because removal of this case was proper under §§ 1333 and 1441 based on the alleged general maritime claims, it is unnecessary to decide whether the plaintiffs' Jones Act claims were fraudulently pled. This report and recommendation is not a ruling on the Plaintiffs' Motion to Remand. Deciding whether the plaintiffs have

---

[9] Prior to the 2011 amendment, § 1441(c) stated:
Whenever a separate and independent claim or cause of action with the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

Section 1441(c) now reads:
 (1)If a civil action includes—
 (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
 (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
 (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

sufficiently pled Jones Act claims and whether this court can retain jurisdiction over them is premature and should be addressed after the district judge rules on the Plaintiffs' Motion to Remand.

## Conclusion

Defendants have demonstrated that current version of § 1441(b) does not prohibit the removal of general maritime claims under § 1333.  Therefore, removal of this action was proper.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Plaintiff's Motion to Remand be denied.

Baton Rouge, Louisiana, March 10, 2014.

_/s/ Stephen C. Riedlinger_
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE