UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MANUEL GARZA, ET AL.

VERSUS

PHILLIPS 66 COMPANY, ET AL.

CIVIL ACTION

NUMBER 13-742-SDD-SCR

**RULING ON MOTION TO COMPEL DISCOVERY**
**and**
**ORDER PERMITTING DISCOVERY**

Before the court is the Motion to Compel Discovery filed by defendant Chevron Phillips Chemical Company, LP. Record document number 44. Plaintiffs filed an opposition.[1]

All of the parties' arguments have been considered. When this case was removed from state court the Federal Rules of Civil Procedure became applicable. Under Rule 26(d)(1), Fed.R.Civ.P., "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosures under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Defendant did not assert that the parties have held a Rule 26(f) conference, or that this case is exempt from initial disclosures, or that some other rule authorized the discovery, or that the parties stipulated to it, or that the court ordered it.

---

[1] Record document number 45.

Plaintiff asserted that there has been no scheduling conference. This is true, but irrelevant. A scheduling conference is held pursuant to Rule 16, Fed.R.Civ.P. A scheduling conference is not the same as the conference require by Rule 26(f). The fact that a scheduling conference has not yet been held in no way prevented the parties from having a Rule 26(f) conference. Rule 26(f) requires that the conference be held "as soon as practicable — and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." A scheduling conference was set for March 13, 2014, and the status report was due by February 27. As provided by Rule 26(f), the scheduling conference should have been held no later than February 20. The parties timely filed the Status Report on February 27.[2] After reviewing the Status Report and the record, on March 3 the scheduling conference was canceled.[3] This sequence of events suggests that there must have been some conferring among the attorneys, even if not a formal Rule 26(f) conference.[4] But in any event, it is not clear that the parties held a Rule 26(f)

---

[2] Record document number 33.

[3] Record document number 34.

[4] The Status Report stated that "[d]iscovery has not yet been undertaken in this matter as a result of pending jurisdictional issues." Record document number 33, p. 20, Section G. The Status Report did not mention any issue regarding responding to discovery served before the case was removed. This should have been discussed at a Rule 26(f) conference and noted in the Status Report.

conference.

In these circumstances, the defendant's Motion to Compel Discovery is premature because its discovery requests were premature. Furthermore, the defendant served more interrogatories on each plaintiff than are allowed by Rule 33(a)(1), Fed.R.Civ.P., without leave of court. Plaintiff also argued that the scope of some interrogatories is objectionable. It is not necessary to address that argument or their other substantive objections at this time. Since the defendant will have to re-serve the discovery requests it can narrow the scope of them so as to avoid the objections.

Accordingly, the Motion to Compel Discovery filed by defendant Chevron Phillips Chemical Company, LP, is denied without prejudice.

Furthermore, as provided by Rule 26(d)(1);

IT IS ORDERED that the parties may commence discovery pursuant to the Federal Rules of Civil Procedure as of the date of this ruling.

Baton Rouge, Louisiana, July 17, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE