UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MANUEL GARZA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-742-SDD-EWD** |
| **PHILLIPS 66 COMPANY, ET AL.** | |

### RULING AND ORDER ON UNOPPOSED MOTION TO COMPEL

Before the Court is a Motion to Compel Responses to Interrogatories and Requests for Production of Documents (the "Motion"), filed by defendant, Kaneb Management Company LLC n/k/a Nustar Pipeline Company, LLC ("Kaneb").[1] In the Motion, Kaneb seeks to compel five plaintiffs, James Little, Donald Stephens, Larry Smith, Larry Laborde and Lynn Laborde, to respond to written discovery requests that were propounded on May 24, 2016. Kaneb also seeks an award for the costs and reasonable attorney's fees incurred in filing the Motion, pursuant to Fed. R. Civ. P. 37(a)(5)(A). Any opposition to this Motion was required to be filed within 21 days after service of the Motion. LR 7(f). More than 21 days have passed since the filing of the Motion and no opposition has been filed as of the date of this Ruling and Order. The Motion is therefore unopposed.

For the reasons that follow, the Motion to Compel is **GRANTED**[2] and Kaneb's request for reasonable attorney's fees under Fed. R. Civ. P. 37(a)(5)(A) is **GRANTED**.

---

[1] R. Doc. 142.
[2] Magistrate judges may "hear and determine" non-dispositive pre-trial motions pursuant to 28 U.S.C. § 636(b)(1)(A). "A motion to compel is a nondispositive, pretrial discovery motion." *State Farm Mut. Auto. Ins. Co. v. Friedman*, Civ. A. No. 3:98CV2918-L, 2002 WL 649417, at *1 (N.D. Tex. Jan. 14, 2002) (citing *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995)). *See*, *Turner v. Hayden*, Civ. A. No. 15-2282-P, 2016 WL 6993864, at *1 (W.D. La. Nov. 29, 2016) ("The decision by Magistrate Hornsby to deny Turner's Motion to Compel Discovery is a non-dispositive matter."); *United States v. Toney*, Civ. A. No. 11-00245-02, 2012 WL 2952768, at *1 (W.D. La. July 19, 2012) ("The Court must apply a 'clearly erroneous' or 'contrary to law' standard of review to a magistrate judge's ruling on a

## I. Background

On or about October 7, 2013, Manuel Garza, Larry Laborde, Lynn Laborde, Michael Northcutt, Larry A. Smith, Donald Stephens, Wayne Buckley, Charles Easterling, Steven Goode, Jerry Johnson, James Little, Paul Luckey and James Wells filed a Seamen's Petition for Damages in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.[3] In the Petition, the foregoing plaintiffs seek recovery for injuries they allegedly sustained as a result of exposure to asbestos-containing drilling mud during their employment with defendants Rowan Companies, Inc., ENSCO Offshore Company, Harbinger Group, Inc., Diamond Offshore Company, Nustar Energy, L.P., Kaneb Management Company, L.L.C. and Helmerich & Payne International Drilling Co.[4] Also named as defendants are Union Carbide Corporation, Montello, Inc., Chevron Phillips Chemical Company, L.P., Coastal Chemical Co., L.L.C. and Nico Supply Company, Inc., who allegedly manufactured and/or distributed the asbestos-containing drilling mud.[5] The Petition asserted claims under Louisiana state law, general maritime law and the Jones Act, 46 U.S.C. § 30104, *et seq*. On November 15, 2013, the matter was removed to this Court based on diversity jurisdiction under 28 U.S.C. § 1332(a).[6]

On October 16, 2017, Kaneb filed the instant Motion to Compel, asserting that on May 24, 2016, it served written discovery on the five plaintiffs who still have claims pending against Kaneb, namely James Little, Donald Stephens, Larry Smith, Larry Laborde and Lynn Laborde

---

nondispositive pre-trial motion, such as a motion to compel." (citations omitted)); *In re Tex. Bumper Exchange, Inc.*, 333 B.R. 135, 138 (Bankr. W.D. Tex. 2005) (holding bankruptcy court's order granting motion to compel discovery was an interlocutory order as the order concerned a nondispositive discovery issue and did not dispose of the merits of litigation).
[3] R. Doc. 1-3.
[4] *Id*. at ¶¶ 4(F)-4(L).
[5] *Id*. at ¶¶ 4(A) – 4(E).
[6] *See* R. Doc. 1 at Introductory Paragraph.

(collectively, "Plaintiffs").[7] Kaneb asserts that as of the date of the Motion to Compel, Plaintiffs have not responded to the discovery requests, despite several attempts made by Kaneb's counsel to contact Plaintiffs' counsel. Specifically, Kaneb asserts that, "Calls to plaintiffs' counsel on October 3 and October 5—including follow-up correspondence sent on both dates—went unanswered."[8] Despite Plaintiffs' failure to answer Kaneb's discovery requests and Plaintiffs' counsel's refusal to respond to messages from Kaneb's counsel, Kaneb claims that Stephens, Smith, Larry Laborde and Lynn Laborde served written discovery on Kaneb on October 15, 2017.[9] Kaneb asserts that its counsel sent a letter to Plaintiffs' counsel on October 15, 2017 (upon receipt of Plaintiffs' discovery requests), attempting to schedule a discovery telephone conference on October 16, 2017. Kaneb asserts that, "Only upon exhausting all attempts to reach a resolution, Kaneb has had to file this motion—this being the last possible date which Kaneb could file this motion under the Amended Scheduling Order."[10] Kaneb seeks an order from this Court compelling Plaintiffs to fully respond to the written discovery requests and awarding Kaneb the costs and reasonable attorney's fees incurred in filing the Motion to Compel, pursuant to Fed. R. Civ. P. 37(a)(5)(A).

---

[7] R. Doc. 142-1 at p. 2. According to the documents attached to the Motion to Compel, Kaneb propounded the same set of Interrogatories upon Little, Stephens, Smith and Larry Laborde (*See*, R. Doc. 142-2; R. Doc. 142-4; R. Doc. 142-6 and R. doc. 142-8) and propounded the same Requests for Production on each of the five Plaintiffs (*See*, R. Doc. 142-3; R. Doc. 142-5; R. Doc. 142-7; R. Doc. 142-9; R. Doc. 142-10). Kaneb has not submitted documentation showing that it propounded Interrogatories upon Lynn Laborde.

[8] R. Doc. 142-1 at p. 5.

[9] *Id*. Kaneb further asserts that Plaintiffs' October 15, 2017 discovery requests are untimely based on the October 16, 2017 deadline for all fact discovery set forth in the Amended Scheduling Order (R. Doc. 120), and Local Civil Rule 26(d)(2), which states that written discovery is not timely unless the response thereto would be due before the discovery deadline. R. Doc. 142-1 at pp. 2-3. The Amended Scheduling Order issued on September 12, 2016 contains a discovery deadline of October 16, 2016. R. Doc. 120. This appears to be in error, as the Amended Scheduling Order adopted all of the dates proposed in the Joint Motion to Continue Trial, Reset Deadlines and Set Status Conference. R. Doc. 114. The Amended Scheduling Order should have listed the discovery deadline as October 16, 2017. On October 18, 2017, two days after Kaneb filed the instant Motion to Compel, the undersigned issued an Amended Scheduling Order, extending the deadline for all fact discovery until December 18, 2017. R. Doc. 144.

[10] R. Doc. 142-1 at p. 5.

## II. Law and Analysis

Under the Federal Rules of Civil Procedure, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Federal Rules of Civil Procedure 33 and 34 provide that a party upon whom interrogatories and requests for production of documents have been served shall serve a copy of the answers, and objections if any, to such discovery requests within thirty (30) days after the service of the requests. Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). A shorter or longer time may be directed by court order or agreed to in writing by the parties. *Id*.

Further, if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A); *See also, Nguyen v. Louisiana State Board of Cosmetology*, Civ. A. No. 14-80-BAJ-RLB, 2016 WL 67253, at *3 (M.D. La. Jan. 5, 2016) ("Because the Court has granted Defendant's Motion to Compel and no exceptions apply, Defendant is entitled to an award of reasonable expenses, including attorney's fees.").

Kaneb has met its burden of proving that the Motion to Compel should be granted. Kaneb's discovery requests seek the same information from each of the Plaintiffs, including information regarding the nature and extent of each Plaintiff's injuries and damages and information regarding employment history, past medical treatment, compensation received for the alleged injuries, prior

injuries and illnesses, the underlying accident, the Diamond M. drilling rig each Plaintiff worked on, Diamond M.'s alleged negligence, prior litigation and matters related to the witnesses to be called and the documents to be used at trial. The discovery requests also seek to have Plaintiffs execute releases for health information, medical records, social security earnings information, employment records, military records, records from the Department of Veterans Affairs, workers' compensation records and school/vocational records. Kaneb submitted documentation showing that it propounded Requests for Production on James Little, Donald Stephens, Larry Smith, Larry Laborde and Lynn Laborde and Interrogatories to all Plaintiffs but Lynn Laborde on May 24, 2016 by email.[11] Although Kaneb has not submitted any documentation showing its attempts to contact Plaintiffs' counsel regarding the outstanding discovery, Kaneb asserts that its counsel called Plaintiffs' counsel on October 3, 2017 and October 5, 2017 to discuss the outstanding discovery responses, and also wrote a letter to Plaintiff's counsel on October 15, 2017 to schedule a discovery conference, but each communication went unanswered. Kaneb further asserts that as of the date the Motion to Compel was filed, it has not received any answers or documents responsive to the discovery requests. Plaintiffs have not filed any opposition memorandum to the Motion to Compel. Accordingly, Kaneb's Motion to Compel is granted.

Because Kaneb's Motion to Compel is granted, an award of reasonable expenses is required under Fed. R. Civ. P. 37(a)(5)(A). Plaintiffs were given an opportunity to respond to Kaneb's request for fees, but failed to file any opposition. Nonetheless, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Nguyen v. Louisiana State Board of Cosmetology*, Civ. A. No. 14-80-BAJ-RLB, 2016 WL 67253, at *3 (M.D. La. Jan. 5, 2016). Kaneb has not asserted a specific

---

[11] R. Doc. 142-11.

amount of attorney's fees it contends would be reasonable, nor has it submitted evidence of the amount of attorney's fees incurred. In such a circumstance, the undersigned finds an award of $500.00 is reasonable and in keeping with the amounts awarded by other judges in this district for similar motions. *See, Clark v. GEICO Gen. Ins. Co.,* Civ. A. No. 16-862-SDD-EWD, 2017 WL 2957813, at *3 (M.D. La. July 11, 2017) (finding an award of $500 reasonable where defendant did not claim a specific amount of expenses incurred in filing the motion to compel); *Rivera v. Martin J. Donnelly Antique Tools*, Civ. A. No. 14-667-JWD-SCR, 2015 WL 6872506, at *3 (M.D. La. Nov. 9, 2015) ("Plaintiff has not demonstrated any circumstances which would make an award of expenses to the defendant unjust. Defendant did not submit anything to establish a specific amount of expenses incurred in filing this motion. A review of the motion papers supports finding that an award of $500.00 is reasonable."); *Doucet v. Dormont Manufacturing Co.*, Civ. A. No. 13-251-SDD-SCR, 2014 WL 2434472, at *4 (M.D. La. May 29, 2014) ("Defendant did not claim a specific amount of expenses incurred in filing its motion. However, a review of the motion and memoranda supports the conclusion that an award of $450.00 is reasonable.").

### III. Conclusion

The discovery at issue is relevant and Kaneb Management Company LLC n/k/a Nustar Pipeline Company, LLC ("Kaneb") has presented evidence to establish that plaintiffs James Little, Donald Stephens, Larry Smith, Larry Laborde and Lynn Laborde failed to timely respond to the requests. Accordingly, Kaneb's Motion to Compel Responses to Interrogatories and Requests for Production for Documents[12] is **GRANTED.**

**IT IS ORDERED** that plaintiffs, James Little, Donald Stephens, Larry Smith, Larry Laborde and Lynn Laborde, shall provide written responses to the outstanding Interrogatories and

---

[12] R. Doc. 142.

Requests for Production of Documents[13] within fourteen (14) days of the date of this Ruling and Order. Plaintiffs' answers and responses shall not include objections other than those pertaining to applicable privileges and/or immunities.[14]

**IT IS FURTHER ORDERED** that Kaneb's request for reasonable attorney's fees under Fed. R. Civ. P. 37(a)(5)(A) is **GRANTED**, and James Little, Donald Stephens, Larry Smith, Larry Laborde and Lynn Laborde, collectively, are **ORDERED** to pay Kaneb $500.00 for the reasonable attorney's fees it incurred in filing the Motion to Compel.

**Failure of the Plaintiffs to comply with the terms of this Ruling and Order may result in additional sanctions.**

Signed in Baton Rouge, Louisiana, on November 14, 2017.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[13] *See,* R. Docs. 142-2 through 142-10.
[14] "'As a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived.'" *Scott v. United States Postal Service*, Civ. A. No. 15-712-BAJ-EWD, 2016 WL 7440468, at *4 (M.D. La. Dec. 27, 2016) (quoting *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989)).